**WO**

JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Alba, | No. CV 23-01419-PHX-MTL (ASB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Arizona, State of, et al., | |
| Defendants. | |

      Plaintiff Jose Alba initiated this pro se action in Arizona Superior Court, and Defendants removed the action to federal court. (Doc. 1, No. CV2-23-093027.) On January 18, 2024, Plaintiff filed his First Amended Complaint, in which he asserted claims under 42 U.S.C. § 1983 and state law against the State of Arizona, Maricopa County, Maricopa County Sheriff Paul Penzone, the City of Scottsdale, Scottsdale Police Officer Sean Ryan, Maricopa County officials Does I–V, and State officials Does VI–X. (Doc. 26.) Before the Court is the State of Arizona's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32) and Maricopa County Sheriff Russell Skinner's Notice of Automatic Substitution of Public Officer (Doc. 37). The Court will grant the Motion to Dismiss as set forth below and substitute Sheriff Skinner for Sheriff Penzone as to the official capacity claims against the Sheriff.

. . . .

## I.   Background

Plaintiff's claims arose in 2022, after he was acquitted on two charges but found guilty on a third, and he was sentenced to 2 years and 4 months imprisonment. (Doc. 26 ¶ 16.) At his November 3, 2022sentencing, Plaintiff was given credit for pretrial detention that totaled 2 years and 8 months, and he was told that upon his return to the Maricopa County Jail after the hearing, he would be immediately released. (*Id.* ¶¶ 17–18.) Plaintiff continued to be held and was not released until February 9, 2023. (*Id.* ¶ 25.)

In Count One, Plaintiff asserted a claim of prolongation of imprisonment and wrongful and false imprisonment against the State of Arizona, Maricopa County, Penzone, and Doe Defendants. (*Id.* ¶¶ 5–31.) In Count Two, Plaintiff asserted claims for civil rights violations under § 1983 and state statute against the State of Arizona, Maricopa County, Penzone, and Doe Defendants. (*Id.* ¶¶ 32–38.) And in Count Three, Plaintiff asserted claims for civil rights violations under § 1983 and state statute against the City of Scottsdale and Officer Ryan. (*Id.* ¶¶ 39–49.) Plaintiff seeks damages, costs, and fees. (*Id.* at 12.)

On February 12, 2024, Defendant State of Arizona filed its Motion to Dismiss arguing that the State is not a person under § 1983 and that, under Arizona Revised Statutes § 12-820.04, the State is entitled to immunity from punitive and exemplary damages on Plaintiff's state law claim of false imprisonment. (Doc. 32.)

In his Response, Plaintiff concedes that the State is not a person under § 1983, but he argues that state officials, including the John Doe Defendants, should not be dismissed. (Doc. 35.) Plaintiff further argues that, to the extent state statute bars punitive or exemplary damages against public employees acting within the scope of their employment, the individual Defendants are sued for acts taken outside of their employment. (*Id* at 3.)

In its Reply, Defendant State of Arizona confirms that its Motion was brought solely on behalf of the State and not as to any individual Defendant. (Doc. 41.)

On March 4, 2024, Maricopa County Sheriff Skinner filed a Notice stating that he was appointed as the successor to Sheriff Penzone and is therefore automatically

substituted for former Sheriff Penzone in this action for all official capacity claims. (Doc. 37.) The Notice was docketed as a Motion to Substitute. (*Id.*)

## II. Discussion

### A. Motion to Dismiss

Ordinarily, under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst St. Sch. & Hosp.*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). But a state may waive its Eleventh Amendment immunity by removing an action to federal court, as the State of Arizona did in this case. *See, e.g.*, *Pittman v. Oregon, Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007); *Embury v. King*, 361 F.3d 562, 564-65 (9th Cir. 2004); *Morgan v. Arizona*, No. 06-346-TUC-FRZ, 2007 WL 2808477, at *8 (D. Ariz. Sept. 27, 2007). Nevertheless, the State of Arizona is not a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency). Accordingly, Plaintiff's § 1983 claim against the State of Arizona in Count Two will be dismissed.

The Court may, however, exercise supplemental jurisdiction over closely related state law claims against the State. 28 U.S.C. § 1367(c)(3); *see Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 619–20 (2002); *see also Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1003–04, 1006 (9th Cir. 2001); *Kruse v. Hawai'i*, 68 F.3d 331, 334 (9th Cir. 1995); *Meeks v. Nevada*, No. 3-10-CV-0558-RAM, 2011 WL 221774, at *3 (D. Nev. Jan. 20, 2011). But Arizona Revised Statutes § 12-820.04 provides that "[ne]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Accordingly, the Court will dismiss Plaintiff's claim for punitive or exemplary damages against the State of Arizona as to the state law claim for false imprisonment against it in Count One.

. . . .

**B.     Substitution**

Under Federal Rule of Civil Procedure 25(a), when a public officer who is a party in an official capacity resigns, the officer's successor is automatically substituted as a party. The current Maricopa County Sherriff, Russell Skinner, will therefore be substituted for Paul Penzone in his official capacity.

In his Notice, Sheriff Skinner states that "there are no individual claims against Paul Penzone in this action." (Doc. 37 at 1.) In his First Amended Complaint, Plaintiff did not specify the capacity in which he was suing Defendant Penzone. (Doc. 26.) However, Plaintiff specifically named Paul Penzone as a Defendant, he sought damages, and, as to the claims against Defendant Penzone, Plaintiff alleged that Defendants acted "wrongfully and intentionally" and "acted under color of state law" "in deliberate indifference to [Plaintiff's] Eighth Amendment" rights. (*Id.* ¶¶ 28, 30, 33.) Under Ninth Circuit caselaw, this is sufficient at this stage to support a claim against Defendant Penzone in his individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.") (internal quotation omitted); *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("We also have presumed that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued."); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990) (construing a demand for damages as the plaintiff's intention to sue a defendant in his individual capacity and not in his official capacity).

Accordingly, Skinner will be substituted as to the official capacity claims against the Sheriff, but Penzone will remain a Defendant to this action in his individual capacity.

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant State of Arizona's Motion to Dismiss (Doc. 32) and Defendants' Motion to Substitute (Doc. 37).

(2) The Motion to Dismiss (Doc. 32) is **granted**; the § 1983 claim alleged against the State of Arizona in Count Two is dismissed, and the claim for punitive or exemplary damages against the State of Arizona for false imprisonment in Count One is dismissed.

(3) Defendants' Motion to Substitute (Doc. 37) is **granted**.

(4) Pursuant to Federal Rule of Civil Procedure 25(d), Russell Skinner is substituted for Paul Penzone **in his official capacity only**. Defendant Penzone remains a Defendant to this action in his individual capacity. The Clerk of the Court must update the docket accordingly.

Dated this 9th day of April, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge